IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| MARK ALLEN CORNISH, | ) | |
| COEANN MARY CORNISH, | ) | Bankruptcy No. 12-02250 |
| | ) | |
| Debtors. | ) | |

## ORDER RE: MOTION TO LIFT AUTOMATIC STAY

This matter came before the undersigned on March 7, 2013 for final hearing on Fidelity Bank & Trust's Motion to Lift Automatic Stay. Debtors Mark and Coeann Cornish were represented by Attorney Wallace D. Parrish. Attorney Matthew C. McDermott represented Creditor/Movant Fidelity Bank & Trust ("the Bank"). After hearing evidence and arguments, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

### STATEMENT OF THE CASE

The Bank seeks relief from the automatic stay to foreclose on real estate. Debtors resist. They state the Bank is not a secured creditor of Debtors. Rather, they argue, the Bank is an unsecured creditor attempting to deprive Debtors of their life estate in real estate.

### FINDINGS OF FACT

In 2006, Debtors granted the Bank a mortgage on real estate. At the time, the parties relied on a title opinion stating that Debtors had a fee simple ownership interest in the property. Debtor Mark Cornish received his interest through an

inheritance. After granting the mortgage to the Bank, Debtors sold portions of the 80-acre property to Burco Land, L.C. in 2007 and 2009. A title opinion issued related to those sales indicated that Debtors' interest in the land was a life estate subject to the interests of their heirs and unborn heirs of the previous owner.

After learning of the possibility that Debtors had less than a fee simple interest in the property, the Bank filed a declaratory judgment action in Iowa District Court. Debtors' daughters disclaimed any interest in the real estate. The Bank received a declaratory judgment, based on a joint stipulated motion with Debtors and other interested parties, that Debtors are owners in fee simple of the mortgaged property.

The Bank also has a foreclosure action pending which is at the summary judgment stage. Its motion for relief from the automatic stay requests permission to proceed with this foreclosure action. Counsel for the Bank stated at the hearing that Debtors raised the same arguments in that action as they have in their resistance to relief from the stay. Debtors have not made payments on the mortgage since 2008. In their bankruptcy schedules, they value their interest in the real estate as zero. Debtors do not dispute that they have no equity in the property.

Debtors assert that the Bank never had a valid security interest because, as a life tenant, Debtor cannot encumber the property. Because of a negligently composed title opinion by an attorney, they believed they had title to the property at the time they entered into the mortgage with the Bank. Debtors argue the declaratory judgment action was not the proper procedure to use to determine their property rights.

## CONCLUSIONS OF LAW

The Court may grant a creditor relief from the automatic stay 1) "for cause, including the lack of adequate protection" of the creditor's interest in property, or 2) if the debtor has no equity in the property and it is not necessary for a successful reorganization.   11 U.S.C. § 362(d)(1, 2); In re Timmer, 423 B.R. 870, 874 (Bankr. N.D. Iowa 2010).   Cause under § 362(d)(1) has been defined as "any reason whereby a creditor is receiving less than [its] bargain from a debtor and is without a remedy because of the bankruptcy proceeding."   In re Martens, 331 B.R. 395, 398 (B.A.P. 8th Cir. 2005).

> In making the determination of whether to grant relief from the stay [for cause], the court must balance the potential prejudice to the debtor, to the bankruptcy estate, and to the other creditors against the hardship to the moving party if it is not allowed to proceed in state court.   The factors used to balance the hardships are: (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

In re Wiley, 288 B.R. 818, 822 (B.A.P. 8th Cir. 2003); In re Espey, 2011 WL 671995, *4 (Bankr. N.D. Iowa Feb. 18, 2011).

When considering a debtor's equity in property under § 362(d)(2)(A), courts may consider the parties' respective property rights under state law.   In re Curtis, 363 B.R. 572, 577 (Bankr. E.D. Ark. 2007).   Proceedings on motions for relief from stay are summary in character.   In re Montgomery, 262 B.R. 772, 775 (B.A.P. 8th Cir. 2001).

> In its discretion, the court may consider evidence that the movant's interest as secured party . . . is potentially vulnerable to avoidance. Ultimately, this discretion is bound in by the requirement that requests for the determination of the validity, priority, or extent of liens, or for the recovery of property, are to be made via adversary proceeding. Thus, the substantive consideration of such evidence should stop as soon as it appears that the movant has a "colorable claim" to the property in question.

Id. As this is a Chapter 7 liquidating bankruptcy case, by definition the property is not necessary for an effective reorganization, which satisfies § 362(d)(2)(B). Martens, 331 B.R. at 398.

Under Iowa law, a life tenant may transfer or encumber a life estate in real estate. Bogenrief v. Law, 271 N.W. 229, 233 (Iowa 1937). A mortgage given by a life tenant is a lien against the life tenant's interest in the property. Id.; see also Security Sav. Bank v. Williams, 176 N.W. 971, 973 (Iowa 1920) (stating life tenant may encumber or dispose of the life estate); Slemmer v. Crampton, 50 Iowa 302 (Iowa 1878) (affirming the foreclosure of a mortgage on a life estate).

## ANALYSIS

The Bank holds a mortgage granted by Debtors when they thought Debtor Mark Cornish held fee simple title in the real estate. Assuming without deciding that Debtor held a life estate interest at that time, under Iowa law Debtor could grant a mortgage on his interest in the real estate. This gives the Bank at least a colorable claim to the property in question. Based on the record presented, the Court finds Debtors have no equity in the property. The property is not necessary for

4

reorganization as this is a Chapter 7 liquidating bankruptcy case. The Bank is thus entitled to relief from the automatic stay under § 362(d)(2).

The Bank has also established cause for relief from the stay under § 362(d)(1). Considering the factors from Wiley, any prejudice to Debtors is outweighed by the benefit to the Bank by allowing it to proceed with its foreclosure action in Iowa District Court. That court is in as good a position as this Court to determine the property interests of the parties. The foreclosure action is already at the summary judgment stage. Judicial economy is better served by allowing the Iowa District Court to resolve these matters.

**WHEREFORE**, the Motion to Lift Automatic Stay filed by Fidelity Bank & Trust (Doc. 14) is GRANTED.

Dated and Entered: April 24, 2013

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE